955 F.2d 46
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
James R. INGRAM, Defendant/Appellant.
 No. 90-3644.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 21, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant-appellant James Ingram was convicted of illegally possessing a firearm and sentenced to fifteen years in prison under the Armed Career Criminal Statute. He now challenges both his conviction and sentence, and we affirm the district court.
 
 BACKGROUND
 
 2
 Ingram was charged with violating 18 U.S.C. § 922(g), a statute prohibiting felons from possessing firearms which have been shipped in interstate commerce and convicted after a jury trial. During Ingram's trial, both John Loveless and Andrea Newman testified that they saw Ingram holding a semiautomatic pistol. Newman, who was Ingram's ex-girlfriend, stated that Ingram showed her a pistol at her home on January 1, 1990. Loveless testified that Ingram pointed a semiautomatic pistol at him on the same date.
 
 
 3
 On January 4, 1990, sheriff's deputies went to Newman's house to arrest Ingram in connection with an unrelated armed robbery. At that time, Ingram lived in Newman's home with Newman and her baby. While at the house, the deputies found a .32 caliber semiautomatic pistol. Newman denied that the pistol was hers.
 
 
 4
 After the trial, the government filed an Information Charging Prior Offenses which indicated that Ingram had engaged in prior violent felonies. Because of these felonies, Ingram qualified for sentencing under the Armed Career Criminal statute, a law which provides a fifteen-year mandatory minimum sentence for any defendant who is convicted under section 922(g) and has at least three prior convictions. 18 U.S.C. § 924(e)(1).
 
 
 5
 The presentence investigation report (PSI) also discussed Ingram's prior convictions and his eligibility for the Armed Career Criminal enhancement. PSI at 5-10. The sentencing judge specifically found the information contained in the PSI "true and correct" after Ingram failed to make any objections to the report at sentencing. The judge then sentenced Ingram under the Armed Career Criminal Statute.
 
 ANALYSIS
 
 6
 Ingram raises two issues on appeal: (1) the sufficiency of the evidence to convict him of possessing a weapon and (2) the lack of proof that he participated in three violent felonies as required by the career criminal statute.
 
 A. The Sufficiency of the Evidence
 
 7
 Under the applicable statute, the government must prove that the defendant was a felon in possession of a handgun which was connected with interstate commerce. 18 U.S.C. § 922(g). The government attempted to show that Ingram possessed the gun by presenting the testimony of John Loveless and Andrea Newman and by introducing a gun which was found in the house where Ingram lived. Ingram argues that this evidence does not establish guilt beyond a reasonable doubt. He contends that Newman's testimony was not credible, and that none of the testimony presented at trial provided direct evidence of the crime.
 
 1. The Standard of Review
 
 8
 We note initially that a defendant bears a "heavy burden" when he challenges his conviction based on the sufficiency of the evidence at trial. United States v. Aguilar, 948 F.2d 392, 395 (7th Cir.1991). "A verdict will withstand a sufficiency of the evidence challenge unless there is no evidence from which the jury could find guilt beyond a reasonable doubt." United States v. Beverly, 913 F.2d 337, 360 (7th Cir.1990), cert. denied, 111 S.Ct. 951 (1991). In appeals of jury trials, we must "defer to reasonable inferences drawn by the jury and the weight it gave to the evidence." Id. We must leave the credibility of witnesses solely to the jury's evaluation, absent extraordinary circumstances. Id.
 
 2. Andrea Newman's Testimony
 
 9
 Ingram first attacks Andrea Newman's testimony. According to Ingram, Newman changed her story three times. During the police investigation, she stated that James Ingram possessed a gun, but not the gun which the police found. At trial, she testified that the two guns were the same and stated that she lied because she was threatened. At sentencing, she testified that she was not threatened. According to Ingram, these changes make Newman's testimony unreliable.
 
 
 10
 Witness credibility is generally an issue for a jury, not for an appellate court. In Ingram's case, the jury was aware of the inconsistencies because Ingram's attorney discussed them during her closing argument. (Transcript at 195). The jury, therefore, assessed Newman's credibility with full knowledge of the problems, and we will not second-guess their assessment.
 
 3. The Lack of Direct Evidence
 
 11
 Ingram also argues that the government had no direct evidence connecting him to the gun which the police seized. He contends that Newman could not provide credible evidence linking the gun she saw with the gun which police seized. Ingram also claims that Loveless "could not positively say that the gun he saw the Defendant possess was the same gun he was charged with possessing." (Appellant's brief at 17). Ingram contends that Newman and Loveless only provided circumstantial, not direct, evidence of the crime.
 
 
 12
 Circumstantial evidence, however, is no less probative than direct evidence. United States v. Johnson, 903 F.2d 1084, 1087 (7th Cir.1990). As this court has noted, "while it is important that we not permit a verdict based solely on the piling of inference upon inference, it is also imperative that we not rend the fabric of evidence and examine each shred in isolation ..." Id.
 
 
 13
 In Ingram's case, the evidence, when viewed as a whole, would allow a rational jury to convict. Ingram argues that the gun introduced at trial was not his, but the police found the gun in the home where Ingram lived. The only other people living in the house were Andrea Newman and her baby, and Newman denied that the gun was hers. Furthermore, three days before the gun was seized, two witnesses saw Ingram holding a similar gun. This evidence provides enough information to allow a rational jury to conclude that Ingram possessed the gun which police found.
 
 
 14
 B. Sentencing Under the Armed Career Criminal Statute
 
 
 15
 Ingram next contends that the judge sentenced him under the Armed Career Criminal Statute without proper proof of three previous felony convictions.
 
 
 16
 First, he argues that the government failed to provide testimonial evidence or certified copies of the three convictions, and thus did not properly prove their existence. This argument fails because it was not raised in a timely manner. Under the Federal Sentencing Guidelines, criminal defendants have the opportunity to object to facts contained in their PSIs before sentencing and at the sentencing hearing. United States v. Macias, 930 F.2d 567, 569 (7th Cir.1991). Uncontested facts contained in the PSI are deemed accurate. United States v. Smith, 897 F.2d 909, 911 (7th Cir.1990). Thus, Ingram cannot now challenge the Government's proof of his convictions. The information pertaining to the convictions was contained in the PSI and Ingram waived all challenges to the PSI by not objecting at his sentencing hearing.
 
 
 17
 Second, Ingram argues that the Government may not sentence a defendant under the Armed Career Criminal Statute unless the three previous convictions were (1) constitutionally obtained and (2) for separate and distinct crimes. See United States v. Ferguson, 935 F.2d 862, 866 (7th Cir.1991), cert. denied, 60 U.S.L.W. 3479 (1992); United States v. Schieman, 894 F.2d 909, 913 (7th Cir.), cert. denied, 111 S.Ct. 155 (1990). Ingram argues that the Government violated this rule when it sought the enhancement, but he does not explain why. Instead, he insists that the Government should have proven that the convictions were proper and distinct. This is an inappropriate interpretation of our caselaw which places the burden of proof on the defendant, not the Government. Ferguson, 935 F.2d at 867.
 
 
 18
 The judgment of the district court is therefore
 
 
 19
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs